# United States Court of Appeals
## For the Eighth Circuit
_____

No. 21-3002
_____

United States of America,

*Plaintiff - Appellee,*

v.

Tiffany Reynolds,

*Defendant - Appellant.*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: January 10, 2022
Filed: January 20, 2022
[Unpublished]
_____

Before COLLOTON, KELLY, and KOBES, Circuit Judges.
_____

PER CURIAM.

Tiffany Reynolds appeals a sentence of five months' imprisonment imposed by the district court[1] after she violated several conditions of supervised release. We conclude that the court did not abuse its discretion, and therefore affirm.

Reynolds was convicted of wire fraud in 2017. The district court sentenced her to nineteen months' imprisonment, to be followed by three years of supervised release. One special condition of release provided that Reynolds must not use or possess alcohol, and must not enter bars and taverns. The court imposed this condition in light of information that Reynolds had a problematic history of alcohol use, including two convictions for driving while intoxicated, and convictions for assault and criminal trespass that arose from acts taken while Reynolds was intoxicated.

The revocation hearing in this case was Reynolds's fifth encounter with the court while on supervised release. In January 2021, after Reynolds admitted to visiting a bar and possessing alcohol, the court modified the conditions of release to require participation in a remote alcohol testing program. In March 2021, after Reynolds admitted to traveling out of the district, entering bars, and possessing alcohol, the court added a condition of monitoring by Global Positioning System for sixty days. And in April 2021, after Reynolds used alcohol and failed to comply with remote alcohol testing, the court added a condition of home detention for thirty days.

On July 9, 2021, the court found that Reynolds committed several violations of her conditions, including possession of alcohol and entering a bar, use of alcohol, and failure to comply with remote alcohol testing on forty-three occasions. Although

_____

[1]The Honorable C.J. Williams, United States District Judge for the Northern District of Iowa.

-2-

the probation office and the government recommended a term of five months' imprisonment, the court elected instead to require Reynolds to serve two consecutive two-day placements in jail. The court expressed hope that "sitting in a jail cell overnight for a couple nights might get some message through to you." The court expressly warned Reynolds, however, that "[t]his is the last time," and explained that if she returned to court based on additional violations, then she would be going back to prison.

Unfortunately, before the end of that month, the probation office informed the court that Reynolds had failed to comply with remote alcohol testing on five more occasions, and admitted to using alcohol on July 24. On that basis, the court revoked Reynolds's term of supervised release and sentenced her to a term of five months' imprisonment, to be followed by one year of supervised release. The court determined an advisory guideline range of five to eleven months' imprisonment, and sentenced Reynolds at the bottom of the range. The court first told Reynolds, however, that it "could easily sentence you to the top of that advisory guideline range, if not more, because the Court repeatedly gave you opportunities and you betrayed the Court's trust just by continuing to violate no matter how lenient the Court was with you."

On appeal, Reynolds argues that the five-month sentence is unreasonable. She contends that the district court did not adequately account for the facts that she had started substance abuse treatment, begun mental health treatment, and enrolled in school. We conclude that there was no abuse of discretion in sentencing Reynolds at the bottom of the presumptively reasonable guideline range. The court displayed remarkable forbearance after Reynolds committed multiple violations of her conditions, but the lesser sanction of two nights in jail was not sufficient to bring about compliance with the alcohol-related conditions of release. The court reasonably determined that Reynolds's professed efforts at treatment and education

were insufficient to outweigh the need for a firm sanction, and that the recommended term of imprisonment for the defendant's repeated violations was appropriate.

The judgment of the district court is affirmed.

_____